United States v. Witham                00-CR-017-SM   03/29/10

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                                  Criminal No. 00-cr-17-2-SM
                                            Opinion No. 2010 DNH 098
Wayne S. Witham

and

Siemens Generation Services Co.,
        As Garnishee


                          O R D E R


        This is a criminal restitution collection action.  The
government is proceeding under the Federal Debt Collection
Procedures Act ("FDCPA"), seeking garnishment of the defendant's
wages as a means of enforcing a restitution order requiring him
to compensate a private victim for losses occasioned as a result
of his criminal conduct.


        The court determined an amount subject to garnishment based
on several factors, and the government moved the court to
reconsider its order.  Having considered that motion and the
government's supporting memorandum, several additional, and
potentially dispositive, but as yet unaddressed, legal issues
occurred to the court.  Those issues warrant briefing by the
parties.

The government shall thoroughly research and brief, with appropriate citations to applicable legal authority, the issues specified below. The defendant is acting pro se and has amply demonstrated that he is not able to produce useful legal memoranda. Accordingly, although he is more than welcome to file a responsive brief in the time allotted, he is not required to do so. (Indeed, should this matter proceed much further, the court will consider appointing counsel for defendant under the ancillary proceedings provisions of the Criminal Justice Act.)

The government shall, and defendant may, brief the following issues within thirty (30) days of the date of this order:

1.    Whether the criminal judgment imposing a restitution obligation includes or incorporates the payment schedule set out in the restitution order? See 18 U.S.C. §§ 3664(f)(1) and (2).

2.    If not, whether the restitution order itself restricts application of a writ of garnishment of wages to the amount and schedule set out in the restitution order?

3.    Whether the government may garnish wages in excess of the amount specified in a payment schedule set out in a

2

restitution order without first successfully moving to adjust the payment schedule (18 U.S.C. § 3664(k)) and/or noticing a default (18 U.S.C. §§ 3572 and 3613(A))? (Note: the 2005 Attorney General Guidelines for Victim and Witness Assistance seem to suggest that collection remedies under the FDCPA are appropriate <u>following</u> a default).

4. Whether, in this circuit, garnishment under the FDCPA is a collection remedy not available to the government when, as here, the recovery is sought on behalf of a private party, and the United States has no direct pecuniary interest in the amounts sought to be recovered? <u>See</u> <u>United States v. Bongiorno</u>, 106 F.3d 1027 (1st Cir. 1997); <u>United States v. Rostoff</u>, 164 F.3d 63 (1st Cir. 1999); <u>United States v. Timilty</u>, 148 F.3d 1 (1st Cir. 1998).

5. Assuming, <u>arguendo</u>, that the government's restitution collection efforts in this case must comply with the procedures prescribed by the State of New Hampshire (Fed. R. Civ. P. 69), what standards apply under applicable state law with respect to determining whether, and in what amount, wages may be garnished in satisfaction of a restitution order?

SO ORDERED.

Steven J. McAuliffe
Chief Judge

March 29, 2010

cc:  Michael T. McCormack, Esq.
     Robert J. Veiga, Esq.
     Wayne S. Witham, pro se
     Siemens Generation Services Co.
       3501 Quadrangle Blvd., Suite 175
       Orlando, FL   32817

4